1  Frederic M. Douglas (Bar No. 212778)
2  fdouglas@cox.net
   15333 Culver Drive, Suite 340
3  Irvine, CA 92604-3051
4  Telephone:    (949) 293-0442
   Facsimile:    (949) 203-8768
5

6

7  Attorneys for Plaintiff
   AMITY RUBBERIZED PEN COMPANY
8

9            THE UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
10

11

12  AMITY RUBBERIZED PEN          ) Civil Action No.:
    COMPANY, a California         )
13  Corporation,                  ) COMPLAINT FOR:
                                  )
14                                )
                                  ) 1)  INFRINGEMENT OF U.S.
15          Plaintiff,            )     PATENT NUMBER 7,004,350;
                                  ) 2)  INDUCEMENT OF
16      vs.                       )     INFRINGEMENT OF US.
                                  )     PATENT NUMBER 7,004,350;
17                                ) 3)  CONTRIBUTORY INFRINGEMENT
    JACQUELINE MOROVATI, an       )     OF U.S. PATENT NUMBER
18  individual, dba UNIVERSAL     )     7,004,350;
    PLASTICS, FRANK JIMINEZ, an   )
19  individual, dba UNIVERSAL     ) 4)  INTENTIONAL TORTIOUS
    PLASTICS, DOES 1-10,          )     INTERFERENCE UNDER
20  inclusive,                    )     CALIFORNIA STATE LAW;
                                  ) 5)  NEGLIGENT INTERFERENCE
21          Defendants.           )     UNDER CALIFORNIA STATE
                                  )     LAW;
22                                ) 6)  UNFAIR COMPETITION UNDER
                                  )     CAL. BUS. & PROF. CODE
23                                )     § 17200 ET SEQ.; AND
24                                ) 7)  COMMON LAW UNFAIR
                                  )     COMPETITION.
25                                )
                                  ) DEMAND FOR JURY TRIAL
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMPLAINT

Plaintiff Amity Rubberized Pen Company ("Plaintiff"), by and through its attorneys, upon personal knowledge as to its own actions and upon information and belief as to the actions of defendants, Jacqueline Morovati, Frank Jiminez, and DOES 1-10 (collectively, "Defendants"), complains and alleges as follows:

## JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this matter pursuant to: 28 U.S.C. §§ 1331, 2201(a), 2202; 35 U.S.C. § 281; and 15 U.S.C. § 1125(a)(1). Pursuant to 28 U.S.C. §§ 1338 (a), 1338(b) and 1367, supplemental jurisdiction exists, because the other claims are substantial and are so related to the federal question claims for relief that the claims form part of the same case or controversy under Article III of the United States Constitution.

2.   This Court has personal jurisdiction over Defendants in this action and venue is proper in this judicial district under 28 U.S.C. § 1391(b) because, as alleged further below: (a) Defendants reside in the State of California; (b) Defendants reside within the Central District of California; (c) Defendants have intentionally

1  engaged in substantial business within this forum
2  amounting to sufficient minimum contacts, including, but
3  not limited to, the offer for sale and sale of their
4  offending products and/or services into California and
5  into this district, including the use of the Internet;
6  and (c) a substantial part of the acts or omissions
7  giving rise to the asserted claims occurred or had
8  effects in this judicial district.  Venue is proper in
9  this district under 28 U.S.C. § 1391 and § 1400 (a) and
10  (b) as Defendants are subject to the personal
11  jurisdiction of the Court situated herein.

12

13  **THE PARTIES**

14

15      3.   Plaintiff Amity Rubberized Pen Corporation
16  ("Amity") is a California Corporation, having its
17  principal place of business located at 16006 Avenida
18  Padilla, Azusa, CA 91702.  Plaintiff is the owner by
19  assignment of U.S. Patent Number 7,004,350.
20      4.   Upon information and belief, defendant Jacqueline
21  Morovati, with a business address of 11700 E. Slauson
22  Avenue, Santa Fe Springs, California 90670, is an owner
23  and/or officer of Universal Plastics and is involved in,
24  aiding, controlling, and/or aware of and benefiting from
25  the unlawful conduct complained of by Plaintiff herein.
26      5.   Upon information and belief, defendant Frank
27  Jiminez, with a business address of 11700 E. Slauson
28  Avenue, Santa Fe Springs, California 90670, is an owner

and/or officer of Universal Plastics and is involved in, aiding, controlling, and/or aware of and benefiting from the unlawful conduct complained of by Plaintiff herein.

6.   Defendants Jacqueline Morovati and Frank Jiminez (collectively, "Defendants"), individually and/or collectively own, operate, manage, control and/or are currently doing business as Universal Plastics and/or Jimmor Inc.

7.   Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of defendant DOES 1 through 10, inclusive. Plaintiff is informed and believes, and based upon such information and belief alleges, that each fictitious defendant was in some way responsible for, participated in, or contributed to the matters and things which Plaintiff complains herein, and in some fashion, has legal responsibility therefore.  When the exact nature and identity of such fictitious defendants and their responsibility for participation and contribution to the matters and things herein alleged is ascertained by Plaintiff, Plaintiff will amend this Complaint to set forth the same.

## FACTS COMMON TO ALL CAUSES OF ACTION

**I.   Plaintiff Amity Rubberized Pen Company**

8.   Among other things, Plaintiff designs, manufactures and markets specialty advertising products.

9.   Plaintiff invests substantial resources on researching and creating innovative products.   Moreover, the United States Patent and Trademark Office has granted to Plaintiff United States Patent No. 7,004,350, titled "Dispenser for toothpicks and tablets" (hereinafter "the '350 Dispenser For Toothpicks and Tablets patent" or "the '350 patent").

## II.  The '350 Dispenser For Toothpicks and Tablets Patent

10.  For decades, there have existed dispensers, which house and dispense common items such as mints or toothpicks.   However, users have found it to be inconvenient and/or undesirable to carry and/or to use separate dispensers containing toothpicks and a separate container containing mints or other tablets.

11.  Plaintiff researched, designed and created innovatively constructed dispensers in which each dispenser single-handedly houses and dispenses both toothpicks and mints or other tablets.

12.  The United States Patent and Trademark Office granted Plaintiff a patent on its innovative dispensers for toothpicks and tablets as the '350 Dispenser For Toothpicks and Tablets patent.

## III. Defendants' Wrongful Conduct

13.  Upon information and belief, Defendants have a pattern of unfairly competing, by, among other things,

wrongfully, knowingly and deliberately copying, making, distributing, selling, offering for sale, and using competitors' property for Defendants' own gain.

**A.   Defendants Copied Plaintiff Plaintiff's Patented Dispenser for Toothpicks and Tablets**

14. Defendants have manufactured, used, sold and offered for sale certain dispensers (and dispenser components) for toothpicks and mints throughout the United States of America, without right or license from Plaintiff, and in infringement of the '350 Dispenser For Toothpicks and Tablets patent. Defendants' infringing products include, but are not limited to, its "Pick 'N Mint" dispenser. Defendants have conspired with, and coordinated with other entities to infringe Plaintiff's '350 Patent such that Defendants have contributed others to infringement of the '350 Patent and induced others to infringe the '350 Patent. Defendants continue making, using, selling and offering to sell such dispenser (and dispenser components) for toothpicks and tablets in infringement of the '350 Dispenser for Toothpicks and Tablets patent, all to the great loss and irreparable injury to Plaintiff. Additionally, Defendants are actively inducing others to infringe the '350 Dispenser for Toothpicks and Tablets patent. Furthermore, Defendants are actively contributing to the efforts of others to infringe the '350 Dispenser for Toothpicks and

1  Tablets patent.   Defendants' unlawful acts will continue
2  unless restrained by this Honorable Court.

3     15.  Defendants have willfully infringed Plaintiff's
4  '350 Dispenser for Toothpicks and Tablets patent.
5  Defendants were aware of Plaintiff's '350 Dispenser for
6  Toothpicks and Tablets patent application prior to its
7  issuance and were also aware of the '350 Toothpicks and
8  Tablets patent after its issuance.

9     16.  Customers of Defendants are also infringing the
10 '350 Dispenser for Toothpicks and Tablets by using the
11 infringing products.  Defendants' sale, and offering of
12 services, to those customers constitutes infringement by
13 inducement by those customers and contribution to the
14 infringement by those customers.

15

16    **B.  Defendants Have Unfairly Profited From Their**
17        **Unlawful Actions and have Caused Considerable**
18        **Harm to Plaintiff.**

19    17.  Upon information and belief, Defendants have
20 knowledge of Plaintiff's business and/or contractual
21 relationships with existing customers and potential
22 customers ("Customers") that purchase Dispenser for
23 Toothpick and Tablets products.  Defendants have
24 intentionally interfered with these relationships by
25 copying, manufacturing, selling and offering for sale
26 Plaintiff's patented Dispenser for Toothpicks and Tablets
27 (and dispenser components) in violation of the '350
28 Dispenser for Toothpicks and Tablets, thereby causing

1 termination of Plaintiff's business relationships with
2 Plaintiff's Customers.

3     18. As a result of Defendants wrongful actions,
4 Defendants have derived, received and will derive and
5 receive from their wrongful conduct, profits and
6 advantages, in an amount not presently known to
7 Plaintiff, and Plaintiff, by reason of the wrongful
8 conduct, has been and will be greatly damaged and has
9 been and continues to be deprived of and prevented from
10 receiving, gains and profits to which Plaintiff is
11 lawfully entitled and which it would derive and receive
12 and would now be deriving and receiving but for
13 Defendants' infringement.

14     19. Moreover, purchasers are likely to purchase
15 Defendants' goods, and others' goods, believing they are
16 Plaintiff's, thereby resulting in a loss of sales and
17 other damages to Plaintiff, including but not limited to
18 damage to goodwill, lost sales, the cost of a corrective
19 advertising campaign, and/or a reasonable royalty, in an
20 amount to be proven at trial.

21     20. Additionally, Plaintiff is entitled to
22 Defendants' gross revenues from the wrongful acts,
23 interest, costs and consequential damages, except for any
24 such legally allowable costs, as Defendants are able to
25 prove.  In addition, Plaintiff has lost sales due to
26 Defendant's infringement and will continue to lose sales
27 as a result of its infringing actions, and other damages,
28 as set forth above, and has incurred and will continue to

1  incur, attorneys' fees and costs due to said infringing
2  actions.  Moreover, this case being exceptional,
3  Plaintiff is entitled to an award of increased damages
4  and attorney's fees.

5      21. As a direct and proximate result of Defendants'
6  wrongful conduct, Plaintiff will suffer and continue to
7  suffer injury and it has no adequate remedy at law.
8  Plaintiff will be irreparably harmed unless Defendants
9  are immediately restrained and enjoined from committing
10 and continuing to commit such wrongful acts.

11     22. Additionally, because of the willful and
12 deliberate nature of Defendants' wrongful acts, Plaintiff
13 is entitled to an award of punitive damages.

14

15            **FIRST CAUSE OF ACTION**
16    **INFRINGEMENT OF U.S. PATENT NUMBER 7,004,350**

17

18     23. Plaintiff realleges and incorporates by reference
19 herein the allegations contained in paragraphs 1 through
20 22 of the Complaint.

21     24. Defendants' aforementioned acts constitute patent
22 infringement under 35 U.S.C. § 271 et seq.

23     25. Defendants are and were, at all relevant times,
24 aware of the '350 Dispenser for Toothpicks and Tablets
25 patent and knowingly and willfully infringe the same.

26     26.  Because this case constitutes an exceptional
27 case, Plaintiff is entitled to reasonable attorney fees.

28

## SECOND CAUSE OF ACTION

## INDUCEMENT OF INFRINGEMENT OF

## U.S. PATENT NUMBER 7,004,350

27. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 26 above.

28. Defendants' aforementioned acts constitute inducement of patent infringement under 35 U.S.C. § 271 et seq.

29. Defendants are and were, at all relevant times, aware of the '350 Dispenser for Toothpicks and Tablets patent and knowingly and willfully infringe the same.

30. Because this case constitutes an exceptional case, Plaintiff is entitled to reasonable attorney fees.

## THIRD CAUSE OF ACTION

## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NUMBER 7,004,350

31. Plaintiff hereby realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 30 above.

32. Defendants' aforementioned acts constitute contributory patent infringement under 35 U.S.C. § 271 et seq.

33. Defendants are and were, at all relevant times, aware of the '350 Dispenser for Toothpicks and Tablets patent and knowingly and willfully contributed to the

1    infringement of the same, at least by manufacturing
2    dispense components.
3        34.  Because this case constitutes an exceptional
4    case, Plaintiff is entitled to reasonable attorney fees.
5
6                    **FOURTH CAUSE OF ACTION**
7            **INTENTIONAL TORTIOUS INTERFERENCE**
8                **UNDER CALIFORNIA STATE LAW**
9
10       35.  Plaintiff hereby realleges and incorporates by
11   reference herein the allegations contained in paragraphs
12   1 through 34 above.
13       36.  Defendants' actions alleged above constitute
14   intentional tortuous interference under California state
15   law.
16       37.  As a direct and proximate result of Defendants'
17   intentional tortuous interference, Plaintiff has been
18   damaged as previously alleged.
19
20                    **FIFTH CAUSE OF ACTION**
21               **NEGLIGENT INTERFERENCE**
22                **UNDER CALIFORNIA STATE LAW**
23       38.  Plaintiff hereby realleges and incorporates by
24   reference herein the allegations contained in paragraphs
25   1 through 37 above.
26       39.  Defendants' actions alleged above constitute
27   negligent interference under California state law.
28

1    40. As a direct and proximate result of Defendants'
2  negligent interference, Plaintiff has been damaged as
3  previously alleged.

4

5                 **SIXTH CAUSE OF ACTION**
6           **UNFAIR COMPETITION UNDER CAL.**
7          **BUS. & PROF. CODE § 17200 ET SEQ.**
8    41. Plaintiff hereby realleges and incorporates by
9  reference herein the allegations contained in paragraphs
10 1 through 40 above.
11   42. Defendants' actions alleged above constitute
12 unlawful business acts and/or practices under Cal. Bus. &
13 Prof. Code § 17200 et seq. as they constitute unlawful,
14 unfair and fraudulent acts or practices that are likely
15 to deceive the public as to the origin of its Dispenser
16 for Toothpicks and Tablets and the relationship between
17 Plaintiff and Defendant, among other things.

18

19               **SEVENTH CAUSE OF ACTION**
20       **CALIFORNIA COMMON LAW UNFAIR COMPETITION**
21   43. Plaintiff hereby realleges and incorporates by
22 reference herein the allegations contained in paragraphs
23 1 through 42 above.
24   44. Defendants' actions alleged above constitute
25 unlawful business acts and/or practices under the common
26 law of California.

27

28

45. As a direct and proximate result of Defendants' unfair competition, Plaintiff has been damaged as previously alleged.

WHEREFORE, Plaintiff prays for judgment to be entered against Defendants as follows:

1.  For a preliminary injunction enjoining and restraining Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them from making, selling, offering for sale or using any of its Dispenser for Toothpicks and Tablets, or any other products which include the elements of the claims of the '350 patent or which have the appearance of Plaintiff's Dispenser for Toothpicks and Tablets.

2.  For a permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them from making, selling, offering for sale or using any of its Dispenser for Toothpicks and Tablets, or any other products which include the elements of the claims of the '350 patent or which have the appearance of Plaintiff's Dispenser for Toothpicks and Tablets.

3.  That a judgment be entered that Defendants have infringed, actively induced others to infringe, and/or contributorily infringed United States Letters Patent No. 7,004,350.

4.   An Order recalling and/or destroying all products that infringe U.S. Patent Number 7,004,350 including molds, marketing materials and brochures;

5.   Awarding Plaintiff compensatory damages for patent infringement, inducement of infringement, contributory infringement, intentional tortuous interference, negligent interference, and common law unfair competition against Plaintiff in an amount to be proven at trial, but in any event, not less than $1,000,000;

6.   That this case be adjudged an exceptional case and that Plaintiff be awarded reasonable attorneys' fees and increased damages;

7.   Punitive damages;

8.   Disgorgement of Defendants' Profits;

9.   Award reasonable royalties for infringement of claims of U. S. Patent Number 7,004,350 that are substantially identical to the invention as claimed in published patent application Number 2004/0182877 A1, from the date of publication under 35 U.S.C. § 122(b) (September 23, 2004) and ending on the date that U.S. Patent Number 7,004,350 issued (February 28, 2006).

10.   Awarding Plaintiff pre- and post-judgment interest on the damages caused to Plaintiff as a result of the wrongful acts alleged herein at the legal rate;

11.   Awarding Plaintiff costs; and

12.   Granting Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 26 2007

*Frederic M. Douglas*

Frederic M. Douglas, Esq.
Attorney for Plaintiff
Amity Rubberized Pen Company

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff Amity Rubberized Pen Company hereby demands a jury trial on all issues triable as of right to a jury on the above Complaint, as well as on all issues that arise from any amendments thereto.

Dated: December 26 2007

*Frederic M. Douglas*

Frederic M. Douglas, Esq.
Attorney for Plaintiff
Amity Rubberized Pen Company

US007004350B2

(12) **United States Patent**
Oroumieh

(10) Patent No.: **US 7,004,350 B2**
(45) Date of Patent: **Feb. 28, 2006**

(54) **DISPENSER FOR TOOTHPICKS AND TABLETS**

(76) Inventor: **Robert Oroumieh**, 20723 Northampton, Diamond Bar, CA (US) 91789

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 165 days.

(21) Appl. No.: **10/801,194**

(22) Filed: **Mar. 15, 2004**

(65) **Prior Publication Data**

US 2004/0182877 A1     Sep. 23, 2004

**Related U.S. Application Data**

(60) Provisional application No. 60/455,704, filed on Mar. 17, 2003.

(51) Int. Cl.
*B65H 3/62*          (2006.01)

(52) U.S. Cl. ....................... **221/123; 221/204; 221/288**

(58) Field of Classification Search ............... 221/123, 221/124, 156, 307, 202, 252, 280, 267, 260, 221/311, 92; 206/540, 535, 528, 538
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,958,438 | A | * | 11/1960 | Severson .................... 220/525 |
| 5,482,157 | A | * | 1/1996 | Kim ............................ 206/92 |
| 5,947,294 | A | * | 9/1999 | Omata et al. ............ 206/534.1 |
| 2005/0155873 | A1 | * | 7/2005 | Cohen .......................... 206/37 |

* cited by examiner

*Primary Examiner*—Gene O. Crawford
*Assistant Examiner*—Timothy Waggoner
(74) *Attorney, Agent, or Firm*—Boniard I. Brown

(57) **ABSTRACT**

A toothpick and tablet dispenser has two housing halves force-fitted together and guide walls in at least one of the halves to guide toothpicks and tablets to different outlets to dispense a single toothpick or tablet at a time. A gate at each outlet provides manual access to the outlets and insure sanitary interior conditions.

**15 Claims, 2 Drawing Sheets**





## FIG. 4



US 7,004,350 B2

1

# DISPENSER FOR TOOTHPICKS AND TABLETS

## RELATED APPLICATIONS

Reference is made to my Provisional Application No. 60/455,704, filed Mar. 17, 2003, entitled "Mint and Toothpick Dispenser".

## BACKGROUND AND SUMMARY OF THE INVENTION

The prior art provides various types of toothpick dispensers and tablet dispensers having various features. None discloses or suggests applicant's claimed combinations.

The dispenser of the invention is typically rectilinear with short side walls to space two housing halves apart to define interior space.

Defined in the interior of one half of the dispenser are guide walls to guide toothpicks and tablets, the tablets typically being a mint, to respective outlets for use, and to dispense a tablet or toothpick singly, one at a time.

Objects of the invention include the provision of a sanitary, enclosed device which need not be touched by a user until the time of use, toothpicks and tablets being maintained in sanitary condition.

The dispenser is simplified, easy to utilize, durable in use and in transport, as in a pocket or purse.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of a preferred embodiment of the present invention;

FIG. 2 is a perspective view of the embodiment of FIG. 1, held in the hand of a user with a gate member open when dispensing a tablet;

FIG. 2A is an enlarged perspective view of a gate portion of the dispenser of FIG. 2 showing retention features for a tablet;

FIG. 3 is a perspective view of the dispenser of FIG. 1 in the hand of a user with a toothpick being dispensed; and

FIG. 4 is a perspective view showing two housing members of the embodiment of the dispenser of the invention showing details of internal features which provide the results and advantages according to the invention.

## DESCRIPTION OF PREFERRED EMBODIMENTS

Referring to the drawings, a preferred embodiment 10 is shown as comprising two housing halves 12, 14 which are generally planar and which are adapted to be forced together to provide a closed dispenser, as shown in FIG. 1.

A separation wall 16 extends longitudinally and is spaced from another edge of the lower housing member 12 (FIG. 4) to provide a defined housing or space for toothpicks 18, and to separate the toothpicks from a space which accommodates a plurality of tablets or pills, typically mints, 20.

The two halves or housing members are adapted to be snapped together to provide a closed housing for tablets and toothpicks. The dispenser may typically be 3" long and 2" wide, with an overall thickness of ¼", typically.

A plurality of male posts 22 extend from the lower housing member 12, and, as shown, four of the posts are disposed near corners of the member and two are disposed at guide walls 24, 26, as shown. Mating female sockets 28

2

are adapted to receive the male posts in force-fitting relation to attach the lower and upper housing members together. The housing halves are manually separable by applying appropriate separation force.

Guide walls 24 and 30 serve to guide tablets or mints 20 toward outlet 35. The contours of these guide walls insure that only a single tablet will exit at one time. Guide walls 26 and 17 retain toothpicks 18 longitudinally and are configurated to insure that only a single toothpick 18 will exit the outlet opening 27 at one time. The longitudinal wall 17 and guide wall 26 define the outlet opening 27, as shown.

A dispensing gate 32 for tablets, mints or the like extends from the lower housing member 12 and is typically formed therewith. This dispensing gate is opened by the user's fingers to its position shown in FIG. 2. A retaining ridge 36 at its outer portion and retention blocks 38 at either side retain a tablet or mint 20 against falling from the gate. The tablet or mint 20 can then be removed and the gate closed, the gate being adapted to engage the upper housing member 14 in a snap fit.

A dispensing gate 34 for toothpicks is manually snapped open and is disposed on the upper housing member 14. It is manually snapped open to enable the exit of a toothpick 18 which is guided by the guide wall 26 to insure that only a single toothpick will exit at a time, as shown in FIG. 3. After the exit of a toothpick, the dispensing gate 34 is snapped shut, engaging the lower surface of lower housing member 12 in a snap fit.

The invention claimed is:

1. A dispenser for toothpicks and tablets, comprising:
   first and second housing members attached together to define a dispenser housing,
   means to releasably attach the housing members together,
   respective outlet openings for toothpicks and tablets in at least one of the housing members,
   separation wall means in a first one of the housing members and spaced from an edge thereof to define a toothpicks retaining chamber,
   a plurality of first guide wall means disposed on at least one of the housing members and having portions parallel to and perpendicular to an outlet to guide a single toothpick to said outlet, and
   second guide wall means on one of said housing members and defining a portion of the outlet for tablets and configurated to guide a single tablet to the outlet opening.

2. A dispenser according to claim 1 wherein said separation wall means is adapted to maintain toothpicks oriented to facilitate their passing to the outlet.

3. A dispenser according to claim 1 wherein a plurality of posts are disposed near corners of one of said housing members to engage in socket members on the other housing member in a force-fit relationship to retain the housing members together.

4. A dispenser according to claim 1 wherein the second guide wall means has portions respectively parallel to and perpendicular to an edge of a housing member to retain tablets and guide a single tablet to said outlet.

5. A dispenser according to claim 1 and further comprising a gate adjacent each respective outlet and manually operable for dispensing a single toothpick via said outlet for toothpicks.

6. A dispenser for toothpicks and tablets, comprising:
   first and second housing members attached together to define a dispenser housing,
   respective outlets for toothpicks and tablets in at least one of the housing members,

US 7,004,350 B2

| 3 | 4 |
|---|---|

separation wall means in a first one of the housing members and spaced from an edge thereof to define a toothpicks retaining chamber,

first guide wall means having respective portions parallel to and perpendicular to a toothpick outlet wall and to guide a single toothpick to said outlet opening,

second guide wall means adapted and positioned to align a toothpick with the toothpick outlet to eject a single toothpick at a time, and

third guide wall means on one of said housing members and defining a portion of said outlet for tablets and configured to guide a single tablet to the outlet opening.

7. A dispenser according to claim 6 wherein a plurality of posts are disposed near corners of one of said housing members to engage in socket members on the other housing member in a force-fit relationship to retain the housing members together.

8. A dispenser according to claim 6 wherein the second guide wall means has portions respectively parallel to and perpendicular to an edge of a housing member to retain toothpicks and guide a single toothpick to said outlet.

9. A combination according to claim 6 and further comprising a gate adjacent each of said outlets and manually openable to enable the dispensing of a single item therethrough, and being manually closable by engaging a housing member.

10. A dispenser according to claim 6, wherein said third guide wall means defines a portion of an outlet.

11. A dispenser for toothpicks and tablets, comprising:

first and second housing members define a dispenser housing,

respective outlets for toothpicks and tablets in at least one of the housing members,

separation wall means in a first one of the housing members and spaced from an edge thereof to define a toothpicks retaining chamber,

first guide wall means having respective portions parallel to and perpendicular to an outlet opening wall and defining a toothpick compartment to guide a single toothpick to said outlet opening,

second guide wall means on one of said housing members defining a portion of said outlet opening for tablets and configured to guide a single tablet to the outlet opening,

means to releasably attach the housing members together, and

a gate on at least one of the housing members adjacent one of said respective outlets and manually operable to enable an item to pass through the outlet, said gate having a portion engagable with one of said housing members in a force-fit to secure the gate over said outlet.

12. A dispenser according to claim 11 wherein a plurality of posts are disposed near corners of one of said housing members to engage in socket members on the other housing member in a force-fit relationship to retain the housing members together.

13. A dispenser according to claim 11 wherein the second guide wall means has portions respectively parallel to and perpendicular to an edge of a housing member to retain tablets and guide a single tablet to said outlet.

14. A combination according to claim 11 and further comprising a gate adjacent each of said outlets and manually openable to enable the dispensing of a single item therethrough, and being manually closable by engaging a housing member.

15. A dispenser according to claim 11 wherein separate gates are provided, one for toothpicks and the other for tablets.

*  *  *  *  *

UNITED STATE  IST.  COURT, CENTRAL DISTRICT O   LI  NIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| **AMITY RUBBERIZED PEN COMPANY** | *JACQUELINE MOROVATI, FRANK JIMINEZ, DOES 1-10, INCLUSIVE* |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles County, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Los Angeles County, California |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Frederic M. Douglas, Esq. 15333 Culver Drive, Suite 340 PMB 114 Irvine, California 92604-3051 (949) 293-0442/FAX (949) 203-8768 fdouglas@cox.net | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Section 271 et seq. (patent infringement); Breach of implied covenant of good faith and fair dealing; Unfair competition under Cal. Bus. & Prof. Code Section 17200 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**    Case Number: _____

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

CV07-08314

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☐ No  ☑ Yes

If yes, list case number(s): 06-cv-06165 GW (CWx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles County, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles County, California (all defendants)

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles County, California and on information and belief other counties in California

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Fredric M. Douglas*          Date *Dec. 26, 2007*

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV07- 8314 AHM (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.