Gary Brenner
Attorney at Law, CSBN 125971
110 West C Street, Suite 1905
San Diego, CA 92101
Tel: (619) 237-8899
Fax: (619) 237-1802
E-Mail: garybrenner@cts.com

William Breneman, Esq. (Pro Hac Vice)
Breneman & Georges
3150 Commonwealth Avenue
Alexandria, VA 22305
E-Mail: brenemanlaw@aol.com

Attorneys for Defendants MarketQuest
Group, All-in-One, Allinoneline.com,
Harris Cohen, Karen Cohen and Counter
-claimant MarketQuest Group, Inc.

Douglas Frymer
Attorney at Law, SB #155189
4981 Irwindale Avenue, Suite 100
Irwindale, CA  91706
Tel: (626) 813-7076
E-Mail: legal@starshieldarmor.com

Attorney for Defendants Jacqueline Morovati,
Frank Jimenez

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| CONSOLIDATED PROCEEDING | CASE NO.: CV06-06165 – GW (CWx) |
|---|---|
| In Re: | CASE NO.: CV07-08314 – GW (CWx) |

i

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

| | |
|---|---|
| 1 | AMITY RUBBERIZED PEN COMPANY CASES AND RELATED COUNTER CLAIMS |
| 2 | |
| 3 | _____ |
| 4 | Included Actions: |
| 5 | Amity Rubberized Pen Company v. MarketQuest Group, Inc. et al. |
| 6 | |
| 7 | Amity Rubberized Pen Company v. Jacqueline Morovati et al. |
| 8 | _____ |

**DEFENDANTS MARKETQUEST GROUP, HARRIS COHEN AND KAREN COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349**

Time: 8:30 a.m.
Date: September 29, 2008
Court Room: 10
Judge: Hon. George Wu

9
10 \\\
11 \\\
12 \\\
13 \\\
14 \\\
15 \\\
16 \\\
17 \\\
18 \\\
19 \\\
20 \\\
21 \\\
22 \\\
23 \\\
24 \\\
25
26

ii

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

27
28

# TABLE OF CONTENTS

**PAGE**

**INTRODUCTION**

    A.  Procedural Defects ………..………………………………………………...1

    B.  Substantive Defects ……………………………..………………………..1

**ISSUES TO BE DECIDED**

    1. Lack of Proper Notice ………..………………………………………2

    2. Lack of Constitutional Standing ………………………………………....2

    3. Genuine Issues of Material Fact Exist …………………………………2

    4. Whether this Court Should Exercise Its Discretionary Jurisdiction
       Under 28 U.S.C. §2201 Because of Intertwining Patents ………………..2

**STATEMENT OF FACTS**

    A. Amity Deliberately Withheld Information from This Court
       and from The USPTO ……..…………………………………………….2

    B. Amity's Allegations of Inventorship are False ..………………………...3

    C. Harris Cohen is the First and True Inventor …………………………….4

    D. Robert Oroumieh Stole Harris Cohen's Invention and Applied
       for Patent Protection …………………………………………………….4

    E. The USPTO Granted the '349 Patent to Harris Cohen After
       Considering the Evidence …………………………………………….5

**LEGAL DISCUSSION**

    A. PROCEDURAL DEFECTS

       I. AMITY FAILED TO PROVIDE THE REQUIRED
        NOTICE AND FAILED TO PROVIDE THE
        GROUNDS FOR ITS MOTION …………..…………………….6

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

II.  AMITY FAILED TO SATISFY LOCAL RULES
    REGARDING CONFERENCE OF COUNSEL ......................7

B.  <u>SUBSTANTIVE DEFECTS</u>

I.  APPLICABLE SUMMARY JUDGMENT LEGAL
    STANDARD ..............................................................8

II.  PATENTS ARE PRESUMED TO BE VALID
    35 U.S.C. § 282 .....................................................9

III.  THE COUNSELOR ADVERTISEMENT DOES
    NOT PROVE "SALE" ................................................14

    A. AMITY PLACED *THE COUNSELOR* DECEMBER, 2002
       ADVERTISEMENT ..........................................   15

    B. *THE COUNSELOR* DECEMBER 2002 ADVERTISEMENT
       DOES NOT PROVIDE CLEAR AND CONVINCING
       PROOF THE TOOTHPICK AND MINT DISPENSER
       WAS "ON SALE' 35 U.S.C. § 102(b) ........................18

    C. *THE COUNSELOR* DECEMBER 2002 ADVERTISEMENT
       DOES NOT SHOW THE TOOTHPICK AND MINT
       DISPENSER OF THE '349 PATENT .........................19

IV.  AMITY CONFUSES "PUBLIC USE"  BAR WITH
    "PUBLICATION BAR" UNDER 35 U.S.C. § 102(b)   ...........20

    A.  "PUBLIC USE" BAR UNDER 35 U.S.C. § 102(b) .... ......20

    B.  "PUBLICATION" BAR UNDER 35 U.S.C. § 102(b) .......21

V.  THE ISSUE OF INVENTORSHIP AND THE
    INTERTWINED ISSUE OF VALIDITY OF THE
    '349 AND '350 PATENTS ARE TOO IMPORTANT
    TO BE DECIDED IN A PARTIAL MOTION FOR
    SUMMARY JUDGMENT ..................................................22

iv

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

1

2

**CONCLUSION** ……………………………………………………….24

3

4

# TABLE OF AUTHORITIES

5

**STATUTES**                                                      **PAGE**

6

28 U.S.C. § 2201 ……………………………………………………….1

28 U.S.C. § 2201(a) …………………………………………………..8

35 U.S.C. § 102 ………………………………………………………16

35 U.S.C. § 102(a) …………………………………………………...3

35 U.S.C. § 102(b) …………………………………………………15

35 U.S.C. § 102(f) …………………………………………………...5

35 U.S.C. § 281 ……………………………………………………...2

35 U.S.C. § 282 ……………………………………………………11

35 U.S.C. § 291 ……………………………………………………..5

F.R. Civ. P. 57 ………………………………………………………6

F.R. Civ. P. 56(c) …………………………………………………...9

7

8

9

10

11

12

13

14

15

16

17

18

**CASES**

19

*CatTech LLC v. Tubemaster, Inc.,*
    528 F.3d 871, 880 (Fed. Cir. 2008) …………………………………..2

*Altvater v. Freeman,* 319 U.S. 359, 365-66 (1943) ………………………………3

*MedImmune, Inc. v. Genetech, Inc.,* 549 U.S. 118 (2007) …………………………3

*Prasco, LLC v. Medicis Pharmaceutical Corporation,*
    2008 U.S. App. Lexis 17329, p. 5 (CAFC 2008) ……………………...3

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

*Katz v. Children's Hospital of Orange County*
    (9th Cir. 1994) 28 F.3d 1520, 1534 …………………………………………7

*Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 39 (1st Cir. 2006) ……………………8

*Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 248 (1986) ………………………...9

*Invitrogen Corporation v. Biocrest Manufacturing, LP,*
    424 F.3d 1374, 1378 (Fed. Cir. 2005) …………………………………………9

*Brown v. Bunge Corp.,* 207 F.3d 776, 781 (5th Cir. 2000) ………………………...9

*Adenta GMBH v. OrthoARM, Inc.,*
    501 F.3d 1364, 1371 (Fed. Cir. 2007) ……………………………………...9

*SSIH Equip. S.A. v. U.S. Int'l. Trade Commc'n.,*
    718 F.2d 365, 375 (Fed. Cir. 1983) ……………………………………..……9

*Nat'l. Presto Indus., Inc. v. W. Bend Co.,*
    76 F.3d 1185, 1189 (Fed. Cir. 1996)  ……………………………………...9

*Benitec Austl, Ltd. v. Nucleonics, Inc.,*
    495 F.3d 1340, 1343 (Fed. Cir. 2007) ……………………………………..9

*Kimberly-Clark Corp v. Proctor & Gamble Dist. Co.,*
    973 F.2d 911, 914 (Fed. Cir. 1992) ……………………………………..11

*JJK Industries v. KPlus, Inc. et al.,* 447 F.Supp.
    2d 713, 722 (S.D. Tex 2006) …………………………………………………12

*Eli Lilly & Co. v. Bd. Of Reg. of Univ. of Wash.,*
    334 F.3d 1264 (CAFC 2003) …………………………………………………12

*Arachnid, Inc. v. Merit Industries, Inc.,*
    939 F.2d 1574, 1578 (Fed. Cir. 1991) …………………………………………13

*NL Chemicals, Inc. v. Southern Clay Products, Inc.,*
    704 F.Supp. 299 (DC DC 1989) …………………………………………13

*Serco Services Co. L.P. v. Kelle Co., Inc.,*
    51 F.3d 1037 (Fed. Cir. 1995) …………………………………………...13

vi

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

*Minnesota Min. and Mfg. Co. v. Norton Co.,*
    929 F.2d 670, 672, (Fed. Cir. 1991) ……………………………………..13

*General Electric Co. v. United States,*
    654 F.2d 55, 64 (Ct.Cl. 1981) ……………………………………………15

*Pfaff v. Wells Elecs.,* 525 U.S. 55 (1998) …………………….………………....16

*Barmag Barmer Maschinenfabrik A.G. v. Murata Machinery Ltd.,*
    731 F.2d 831, 838 (Fed. Cir. 1984) ……………………………………..18

*In re Donohoe*, 766 F.2d 531, 533 (Fed. Cir. 1985) ……………………………..22

*In re Hallman*, 655 F.2d 212, 216 (CCPA 1981) …………………………………..23

*Environ Products, Inc. v. Furon Company,*
    215 F.3d 1261, 1265 (Fed. Cir. 2000) ……………………………………24

## <u>LIST OF EXHIBITS</u>

Exhibit "A" - Amity's advertisement in *The Counselor*, December, 2002.

Exhibit "B" - Patent no. U.S. 7,004,350 ('350 Patent).

Exhibit "C" - Cohen's patent - patent no. U.S. 7,066,349 ('349 Patent).

Exhibit "D" - Deposition transcript of Cindy Sue Oroumieh (Brosnan).

Exhibit "E" - USPTO Office Action Summary regarding Cohen's patent
        application, application no. 10/949,255.

Exhibit "F" - Amendment to patent application by Harris Cohen, application no.
        10/949, 255.

Exhibit "G" - USPTO notice of allowability to Harris Cohen regarding his
        invention, application no. 10/949,255.

Exhibit "H" - Amity's Schedule of Sales - Sealed Document, page stamped
        A002158.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

1
2
3
4

Defendants MarketQuest Group, Inc., All-In-One, Allinonline.com, Harris Cohen, Karen Cohen, Jacqueline Morovati and Frank Jimenez submit this joint memorandum of points and authorities in support of their opposition to plaintiff's motion for summary judgment.

## INTRODUCTION

**Amity Rubberized Pen's motion fails for the following reasons**:

A. **Procedural Defects**

1. Amity <u>failed</u> to give proper notice of its motion.[1]

2. Amity <u>failed</u> to meet and confer as required under L.R. 7-3.

B. **Substantive Defects**

1. Amity's <u>fails</u> to allege an Article III case or controversy. Amity did not allege it committed an act of infringement when the complaint seeking declaratory relief was filed. The defect has never been cured and <u>cannot be cured</u>.

2. Amity <u>fails</u> to provide reasons for the Court to exercise discretion under the Declaratory Judgment Act 28 U.S.C. § 2201.

3. Amity <u>fails</u> to demonstrate by clear and convincing evidence that the subject matter of the '349 Patent was, "on sale", "in public use" or "described in a printed publication" prior to January 15, 2003.

4. Amity <u>fails</u> to prove by clear and convincing evidence that the United States Patent and Trademark Office USPTO was wrong in granting the '349 Patent to Harris Cohen after considering all of the evidence of inventorship provided by the true inventor

---

[1] Throughout this opposition, Amity Rubberized Pen has been abbreviated to "Amity" and is used interchangeably with Amity Rubberized Pen.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

Harris Cohen in the prosecution of the application for the '349 Patent.

## ISSUES TO BE DECIDED

1**. Lack of Proper Notice.**  Does Amity's failure to give proper notice of its motion and to satisfy the Local Rules regarding conference of counsel render its motion fatally defective**?**

2. **Lack Of Constitutional Standing**.   Does Amity Rubberized Pen's lack of Article III standing preclude its motion to seek partial summary judgment under the Declaratory Judgment Act 28 U.S.C. § 2201?

3.  **Genuine Issues Of Material Fact Exist**. Does *The Counselor* December 2002 Advertisement prove by clear and convincing evidence that the subject matter of the '349 Patent was "on sale" prior to January 15, 2003?

4.  **Whether this Court Should Exercise It Discretionary Jurisdiction Under 28 U.S.C. § 2201 Because of Intertwining Patents**.  Does Amity's motion for partial summary judgment warrant the exercise of discretionary jurisdiction where the validity and priority of inventorship of two patents are intertwined?

## STATEMENT OF FACTS

A.  **Amity Deliberately Withheld Information From This Court And From The USPTO.**

Amity's complaint in Civil Action No. CV06-06165 failed to plead (and continues to fail to plead) an act of infringement under 35 U.S.C. § 281.  More specifically Amity failed to plead the following: (a) Amity infringed the '349 Patent, (b) Amity has taken action to infringe the '349 Patent, or (c) Amity plans to take action in the future that would infringe the '349 Patent.  See *CatTech LLC v. Tubemaster, Inc*., 528 F.3d 871, 880 (Fed.

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

Cir. 2008)(The issue of whether there has been meaningful preparation to conduct potentially infringing activity remains an important element in the totality of circumstances which must be considered in determining whether declaratory judgment is appropriate.) Lacking such a fundamental allegation presents a hypothetical case that does not meet the requirements of an Article III case or controversy.  A court that proceeds to decide the validity or invalidity of such a patent in a declaratory judgment action "decide[s] a hypothetical case."  See *Altvater v. Freeman,* 319 U.S. 359 365-66 (1943) as quoted in *MedImmune, Inc.  v. Genentech Inc.,* 549 U.S. 118, ____, 127 S.Ct. 764, 778 (2007).

The failure to plead an act of infringement under the Declaratory Judgment Act 28 U.S.C. § 2201 at the time the complaint was filed was fatal because Article III requires that a plaintiff plead a cognizable injury.  If a cognizable injury is not alleged, the requirement for declaratory judgment action is not satisfied.  See *MedImmune,  Inc. v. Genentech Inc.,* 549 U.S. 118 (2007) and *Prasco, LLC, v. Medicis Pharmaceutical Corporation*, 2008 U.S. App. Lexis 17329, p.5 (CAFC 2008).

B. **Amity's Allegations Of Inventorship Are False**.

The real issue in this case is who is the real first and true inventor of the toothpick and mint dispenser.  The United States Patent and Trademark Office has granted two patents on the same or similar invention.  Robert Oroumieh was the first to file a patent application on the toothpick and mint dispenser.  The patent laws in the United States are designed to grant a valid patent not to the first to file a patent application; rather, a valid patent is granted to the first to invent.  35 U.S.C. § 102(a) specifically recognizes that a person shall not be entitled to a patent if the invention "was known" by others "before the invention thereof by the applicant for patent."  The invention was known to Harris Cohen

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

before it was known to Robert Oroumieh because Robert Oroumieh stole the invention from Harris Cohen.

C. **Harris Cohen Is The First And True Inventor**.

The first and true inventor Harris Cohen was second to file a patent application regarding the toothpick and mint dispenser.  The USPTO at first rejected Harris Cohen's patent application on the previously filed patent application of Robert Oroumieh which issued the '350 Patent.  See Exhibit "E" which is the USPTO Office Action Summary.

In response to the USPTO rejection of his patent application Harris Cohen supplied proof to the USPTO that he was the first and true inventor of the toothpick and mint dispenser.  See Exhibit "F".  The proof supplied and accepted by the USPTO proved that Robert Oroumieh was not the first and true inventor of the toothpick and mint dispenser. The proof in the Declaration Under 37 C.F.R. 1.131 demonstrated that Robert Oroumieh derived the invention in the '350 Patent from Harris Cohen.  Harris Cohen conceived his invention and explained it to others.  At a later date, Robert Oroumieh the owner of Amity Rubberized Pen, contacted Harris Cohen and inquired as to whether MarketQuest had any molding work to provide to Amity.  Oroumieh was desperate to increase the revenues of his company.  Harris Cohen disclosed to Oroumieh in confidence Cohen's drawings and concepts regarding the dual dispenser for toothpicks and mints and asked Oroumieh whether his company, Amity, could mold the dual dispenser to Cohen's specifications.

D. **Robert Oroumieh Stole Harris Cohen's Invention and Applied For Patent Protection**.  Robert Oroumieh examined and analyzed Cohen's invention of the dual dispenser and pretended to work with Cohen.  Oroumieh then copied Cohen's invention and then quietly applied for patent protection for the dual dispenser  (which is the '350

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

Patent) <u>failing</u> to disclose to Harris Cohen what he was about to do with Cohen's invention.  Oroumieh then <u>failed</u> to disclose to the USPTO that he had examined, analyzed, and copied Cohen's invention. Under oath, Oroumieh claimed that he was the sole inventor of the '350 Patent.  Later, Oroumieh filed a petition with the USPTO to "correct" the inventorship of the '350 Patent by stating there was another inventor, but that inventor was not Cohen.  Instead, Oroumieh claimed the additional inventor was Mary Lewis.  Cohen filed an opposition in the USPTO to the petition filed by Oroumieh to correct inventorship.

E. **The USPTO Granted The '349 Patent To Harris Cohen After Considering The Evidence.**  After receiving evidence in the form of a 37 C.F.R. 1.131 declaration, the USPTO granted Harris Cohen U.S. Patent No. 7,066,349 ('349 Patent).  The determination of the USPTO based on the evidence submitted found that Robert Oroumieh derived the invention in the '350 Patent from Cohen.  35 U.S.C. § 102(f) supports the determination by the USPTO because Robert Oroumieh did not invent the subject matter of the '350 Patent. The evidence supplied by the first and true inventor Cohen resulted in a determination by the USPTO to grant the '349 Patent and provide a basis for invalidating the '350 Patent under the interfering patent provisions of 35 U.S.C. § 291.

A final judicial determination of the first and true inventors cannot be made until a determination is first made as to the identity of the true inventors of the '350 Patent.   Only after the proper inventors of the '350 Patent are identified can a determination be made as to whether the issued '349 Patent was properly granted to invalidate the '350 Patent. Amity's action in seeking to change the inventors on the '350 Patent in the USPTO a mere two days before filing its complaint, and without pleading or advising the Court of its

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

action, presents a hypothetical case seeking an advisory opinion that is not ripe for adjudication.

The present motion for partial summary judgment should be denied as it seeks a piecemeal determination of intertwined issues of validity and inventorship of the '349 and '350 Patents. Amity's motion should be denied under F.R. Civ. P. 57 because this case is not ripe for adjudication and seeks to procedurally fence the '349 Patent apart from the interfering and intertwined '350 Patent. The validity of the '349 Patent and the '350 Patent with their intertwined presumptions of validity need, as a matter of law, to be disposed of in a single action.

Finally Amity's partial motion for summary judgment should be denied as *The Counselor* 2002 Advertisement does not prove by clear and convincing evidence that the subject matter of the '349 Patent was "on sale", "in use" or described in a "printed publication" prior to January 15, 2003.

## LEGAL DISCUSSION

A. **PROCEDURAL DEFECTS**

### I. **AMITY FAILED TO PROVIDE THE REQUIRED PROPER NOTICE AND FAILED TO PROVIDE THE GROUNDS FOR ITS MOTION**.

Amity failed to give any notice to this Court and to defendants regarding its motion for summary judgment. A notice of motion must include the following: (a) when and where the motion will be made -- date, time, and court location; and (b) the nature of the order or relief being sought and the particular grounds for issuance of such order. Local Rules require this information to appear on the first page (cover page) of the moving papers in the space opposite of the caption below the case number. L.R. 7-4. In this

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

instance, Amity failed to provide any notice of when the hearing was to occur.  Defendants were left guessing as to the date of the hearing.  Fortunately, the date for the hearing appeared in the CM/ECF notice from the Court.

A party seeking summary judgment always bears the responsibility of informing the District Court and the opposing party of the specific ground for its motion.  *Katz v. Children's Hospital of Orange County* (9th Cir. 1994) 28 F.3d 1520, 1534.  Further, Local Rules require that the notice of motion contain a concise statement of the relief or court action the movant seeks.  Local Rules 7-4.  Amity failed to provide any notice of motion which hampered defendants by forcing them to search through Amity's memorandum of points and authorities to guess as to the specific grounds for Amity's motion.  Amity comes to this court requesting that judgment be entered against defendants summarily.  At the least, Amity should have provided notice to defendants as to the grounds for its motion.  The failure by Amity to provide this required notice renders Amity's motion fatally defective.

II.  **AMITY FAILED TO SATISFY LOCAL RULES REGARDING CONFERENCE OF COUNSEL**.

The Local Rules require that in all cases not listed as exempt in L.R. 16-12 and except in connection with discovery motions and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."
Local Rules 7-4.

The required statement that counsel met and conferred regarding Amity's motion
for summary judgment is not to be found anywhere in Amity's papers. The reason this
statement is not included in any of Amity's papers is because a conference between
counsel never occurred as required under the Local Rules. If Amity's counsel were to
make such a statement, it would be false.

There was never any attempt by plaintiff's counsel to meet and confer regarding its
motion for summary judgment. Amity has hidden from defendants the fact that it intended
to file a motion, the date of the hearing, and the specific grounds for its motion. It would
be substantially unfair to allow Amity to proceed with its motion when it has conveniently
ignored fundamental due process requirements and the Local Rules of the Court.

B. **SUBSTANTIVE DEFECTS**

I.     **APPLICABLE SUMMARY JUDGMENT LEGAL STANDARD.**

Amity's partial motion for summary judgment is based on the Declaratory
Judgment Act 28 U.S.C. § 2201. 28 U.S.C. 2201(a) which provides that "[i]n a case of
actual controversy within its jurisdiction…any court of the United States … may declare
the rights and other legal relations of any interested party" (emphasis added). Declaratory
Judgment relief is never automatic. A federal court does not have an "unflagging duty" to
hear declaratory judgment cases. *Diaz-Fonseca v. Puerto Rico,* 451 F.3d 13, 39 (1st Cir.
2006). Indeed whether to grant or deny declaratory relief is vested in the sound discretion
of the court. *MedImmune, Inc.,  v. Genentech, Inc.,* 594 U.S. 118 (2007).

8

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law F.R. Civ. P. 56(c).  A genuine issue exists, "if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Anderson v. Libby Lobby, Inc.,* 477 U.S. 242, 248 (1986).  All facts and factual inferences must be reviewed in the light most favorable to the non-moving party. *Anderson* at 255; *Invitrogen Corporation v. Biocrest Manufacturing, LP*, 424 F.3d 1374, 1378 (Fed. Cir. 2005) and *Brown  v. Bunge Corp.,* 207 F.3d 776, 781 (5th Cir. 2000).

II.  <u>**PATENTS ARE PRESUMED TO BE VALID 35 U.S.C. § 282**</u>.

To overcome the presumption of validity the "burden is on the party asserting invalidity to prove it with facts supported by clear and convincing evidence." *Adenta GMBH  v. OrthoARM, Inc.,* 501 F.3d 1364, 1371 (Fed. Cir. 2007) (quoting *SSIH Equip. S.A. v. U.S. Int'l. Trade Commc'n.,* 718 F.2d 365, 375 (Fed. Cir. 1983).  The clear and convincing, "standard of proof also applies in the summary judgment context." *Invitrogen Corp.  v. Biocrest Mfg.,* L.P. 424 F.3d 1374, 1378 (Fed. Cir. 2005) (citing *Nat'l. Presto Indus., Inc.  v. W. Bend Co.,* 76 F.3d 1185, 1189 (Fed. Cir. 1996).

"A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Austl, Ltd. v. Nucleonics, Inc.* 495 F.3d 1340, 1343 (Fed. Cir. 2007) (citing *MedImmune, Inc.,  v. Genentech, Inc.,* 594 U.S. 118, 127 S.Ct. 764 (2007).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

Amity's declaratory judgment action fails to satisfy the requirements of the Declaratory Judgment Act <u>by failing to plead that it infringes the '349 Patent or that it has undertaken any act that would infringe the '349 Patent or that it planned in the future to undertake any act that would infringe the '349 Patent.</u>  See *Prasco, LLC v. Medicis Pharmaceutical Corporatio*n, 2008 U.S. App. Lexis 17329 p. 5, n.4. (CAFC 2008). Amity's declaratory judgment claim seeks merely to declare the '349 Patent invalid.  An action seeking merely to declare a patent invalid or void does state a justiciable controversy.  Id. page 6 (the existence of a patent is not sufficient to establish declaratory judgment jurisdiction).

Amity was without standing to bring the Declaratory Judgment action and cannot subsequently obtain standing by filing its motion for summary judgment under the Declaratory Judgment Act.  Amity has not pled a "real and substantial" claim involving "adverse legal interests."  Amity has instead filed an action seeking an advisory opinion on what the law would be based on hypothetical facts of:  (a) what the law would be if Mary Lewis were to be determined to be an inventor on the '350 Patent, and (b) if the '349 Patent could be hypothetically invalidated by an advertisement that Amity itself placed in *The Counselor* magazine after the USPTO determined Harris Cohen to be the true inventor.  Amity lacks standing because it seeks advisory opinions on "what the law would be upon a hypothetical state of facts since it has not pled an act of infringement." *MedImmune* 127 S.Ct. at 780.

The Federal Circuit provided a test in *Benitec Austl, Ltd. v. Nucleonics, Inc.* 495 F.3d 1340, 1343 (Fed. Cir. 2007) for determining if declaratory judgment was proper in patent cases.  The test involved a, "useful question to ask in determining whether an actual

10

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff [.]"

Application of this test to the present case and present defendants presents the same hypothetical advisory opinion result. Defendants have no standing to bring a declaratory judgment case or controversy against Amity because it was Robert Oroumieh and/or Mary Lewis that were responsible for the theft of Harris Cohen's invention and are alleged patentees of the '350 Patent. Robert Oroumieh and Mary Lewis are not parties. The same advisory opinion or hypothetical case result applies under 35 U.S.C. § 291 analysis.

In the case of interfering patents, "neither patent owner knows if its patent is valid in light of the other's patent the presumption of validity provided by 35 U.S.C. § 282 having been eroded by the grant of an interfering patent." *Kimberly-Clark Corp. v. Proctor & Gamble Dist. Co.,* 973 F.2d 911, 914 (Fed. Cir. 1992).

Under 35 U.S.C. § 291 the <u>owner</u> of an interfering patent has relief against the other <u>owner</u>. The '350 Patent and the Cohen '349 Patent are interfering patents within the meaning of 35 U.S.C. § 291 which provides:

**Interfering patents**

> "The <u>owner</u> of an interfering patent may have relief against the <u>owner</u> of another by civil action, and the court may adjudge the question of validity of any of the interfering patents, in whole or in part. The provisions of the second paragraph of section 146 of this title shall apply to actions brought under this section." (Emphasis added)

The '349 and '350 Patents are interfering patents. The '349 and '350 Patents cover the same invention and must be considered in the same action. The USPTO granted the

11

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

‘349 Patent to the inventor Harris Cohen after being fully apprised of the derivation of the inventor Harris Cohen's invention by Robert Oroumieh during the prosecution of the ‘349 Patent.  The Declaration Under 37 C.F.R. 1.131 filed in The United States Patent and Trademark Office by the inventor Harris Cohen was accepted by the USPTO and resulted in the issuance of the ‘349 Patent.  A copy of the Declaration is appended as Exhibit ___.

Once two patents are issued for the same invention, the USPTO does not have jurisdiction to conduct an interference proceeding which involve only issued patents. *JJK Industries v. KPlus Inc. et al.,* 447 F.Supp. 2d 713, 722 (S.D. Tex 2006).  Jurisdiction in such cases is conferred on the Federal courts by 35 U.S.C. § 291.  Id.

A two way test is utilized to determine if the ‘349 Patent and the ‘350 Patent are for the same patentable invention and are interfering patents. *Eli Lilly & Co. v. Bd. Of Reg. of Univ. of Wash.,* 334 F.3d 1264 (CAFC 2003).  The two way test for determining if the ‘349 Patent and the ‘350 Patent are for the same invention is, if upon analysis of the two inventions:

> "The claimed invention of Party A is presumed prior art vis-a-vis Party B and vice versa.  The claimed invention of Party A must anticipate or render obvious the claimed invention of Party B and the claimed invention of Party B must anticipate or render obvious the claimed invention of Party A."

The defendants cannot make a declaratory judgment claim under 35 U.S.C. § 291 since a declaratory judgment would require the <u>owner</u> (Cohen) of one interfering patent to assert a claim for relief against the <u>owner</u> (allegedly Robert Oroumieh and/or allegedly Mary Lewis) of the other interfering patent.  As previously pointed out in previously filed briefs on standing, Amity is not the <u>owner</u> of the ‘350 Patent.  The ‘350 Patent is invalid for failure to have both Mary Lewis and Robert Oroumieh named as inventors.  Amity does not have legal title to the ‘350 Patent because it cannot trace its title to the alleged

12

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

inventive entity of Mary Lewis <u>and</u> Robert Oroumieh.  The legal title to the '350 Patent belongs to Mary Lewis and Robert Oroumieh.  Amity having only equitable title to the '350 Patent lacks legal title to the '350 Patent and therefore lacks standing. *Arachnid, Inc. v. Merit Industries, Inc.,* 939 F.2d 1574, 1578 (Fed. Cir. 1991).  In *NL Chemicals, Inc.  v. Southern Clay Products, Inc.,* 704 F. Supp. 299 (DC DC 1989) the court dismissed an action seeking invalidity of interfering patents in which the defendant was no longer an owner.   In *NL Chemicals* the court properly held that 35 U.S.C. § 291 only provides remedies against <u>owners</u> of interfering patents.  Because the purpose of 35 U.S.C. § 291 is to destroy a patent, the legal owners (who are ostensibly Robert Oroumieh and Mary Lewis) must be parties since their status as potential inventors and patentees and interests would be declared null and void.

Therefore, this action is not ripe for adjudication because standing is absent and prevents both parties from fully litigating their claims.  The piecemeal adjudication of the declaratory judgment action of the '349 Patent without the infringement action and owners of the '350 Patent would represent a piecemeal inefficient expenditure of judicial resources that would deprive the defendants of their right to litigate their claim under 35 U.S.C. § 291.

The Declaratory Judgment Act specifically entrusts courts with discretion as to whether to hear declaratory judgment suits. *Serco Services Co. L.P. v. Kelle Co. Inc.,* 51 F.3d 1037 (Fed. Cir. 1995);  *Minnesota Min. and Mfg. Co. v. Norton Co.,* 929 F.2d 670, 672,  (Fed Cir. 1991).  In this case, all factors support the exercise of discretion not to entertain Amity's declaratory judgment claim until the full and complete owners of the '350 Patent are parties so that the defendants can present their claims under 35 U.S.C. §

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

291.  Without having the full and complete owners of the '350 Patent as parties, Amity's claim for a declaratory judgment for invalidity of the '349 patent does not present an Article III case or controversy because it is not ripe for adjudication and presents an action seeking an advisory opinion on, "what the law would be upon a hypothetical state of facts." *MedImmune, Inc., v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 780 (2007).

### III.  THE COUNSELOR ADVERTISEMENT DOES NOT PROVE "SALE".

Notwithstanding Amity's lack of standing and the absence of an Article III case or controversy Amity's motion for summary judgment is factually flawed since *The Counselor* advertisement does not prove the '349 patented item was "on sale" as early as December 2002.

Summary judgment is not proper as *The Counselor* December, 2002 advertisement does not by clear and convincing evidence prove the toothpick and mint dispenser of the '349 Patent was "on sale".  The '349 Patent is presumed to be valid 35 U.S.C. § 282. Amity thus has the burden of proving invalidity "with facts supported by clear and convincing evidence." *Adenta GMBH  v. Ortho ARM, Inc.*, 510 F.3d 1364, 1371 (Fed. Cir. 2007).

*The Counselor* December, 2002 advertisement cannot satisfy the test for clear and convincing evidence for the following reasons:

**First**, *The Counselor* advertisement was not placed in the magazine by one of the MarketQuest defendants or anyone under their supervision or control. *The Counselor* advertisement was placed by Amity or the alleged co-inventor Mary Lewis.

**Second**, *The Counselor* advertisement does not provide clear and convincing evidence that the toothpick and mint dispenser was "on sale" for more than one year prior

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

to the January 15, 2003 application date of the '349 Patent.

**Third,** the December, 2002 advertisement shows the toothpick and mint dispenser of the '350 Patent. It does not show the '349 Patent.

A. **Amity Placed *The Counselor* December, 2002 Advertisement**

*The Counselor* advertisement was placed in the December, 2002 edition by Amity. See, Exhibit "A". The purpose of placing *The Counselor* advertisement may well have been to create a statutory bar under 35 U.S.C. § 102(b) as soon as possible to deprive Harris Cohen of his invention. There are very few reported cases involving the "on sale" statutory bar under 35 U.S.C. § 102(b) where the advertisement is placed by a person that is not under the direction or control of the patentee. See *General Electric Co. v. United States,* 654 F. 2d 55, 64 (Ct.Cl. 1981). No cases have been found where the advertisement alleged to raise the statutory bar was placed by the alleged co-inventor of the interfering patent. In a situation where the alleged advertising raising the statutory bar under 35 U.S.C. § 102(b) is placed by the competing inventor, particular judicial scrutiny should be used to analyze the advertisement and the facts surrounding the placement of that advertisement. In this case, the advertisement does not prove the toothpick and mint dispenser was ready for patenting because Oroumieh did not file his provisional patent application 60/455,705 until March 17, 2003 which is three months after the toothpick and mint dispenser was supposedly "on sale."

The fact that Robert Oroumieh's provisional application was filed March 17, 2003 is evidence the ready to patent reduction to practice test did not occur in December, 2002, but much later in 2003 as evidenced by the constructive reduction to practice filing date of March 17, 2003 for the application for the Oroumieh '350 Patent. Generally, patent

15

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

applications are filed before an invention is ready to be commercialized in its ordinary contemplated usable form.  A bare offer to sell cannot be viewed in a vacuum but must be considered in relation to whether the invention was ready for patenting.  *Pfaff v. Wells Elecs.,* 525 U.S. 55 (1998).

Instead *The Counselor*  December, 2002 advertisement creates the inference that Robert Oroumieh desired to erect a statutory bar against the true inventor Harris Cohen by placing an advertisement as soon as possible after stealing the invention from the true inventor Harris Cohen.  The foregoing inferences from the opaque details of *The Counselor* December, 2002 advertisement coupled with the much later March 17, 2003 filing date of the provisional Oroumieh patent application supports the conclusion the toothpick and mint dispenser was not "on sale" in December, 2002.

Prior to  *Pfaff v. Wells Elecs., Inc.,* 525 U.S. 55, 60 (1998) the courts applied a "totality of circumstances" test to determine whether an invention was "on sale" or "in public use."  The Supreme Court in *Pfaff* narrowed the focus of the inquiry to two separate inquiries, one evaluating whether "the invention" was complete and ready for patenting and the other evaluating whether that invention was, "on sale" *Pfaff* at 66-67.  See also *Invitrogen Corporation v. Biocrest Manufacturing L.P. et al.,* 424 F.3d 1374, 1379 (Fed. Cir. 2005).  *The Counselor* December, 2002 advertisement does not prove sale.

In *Pfaff* the issue of "public use" or "on sale" prohibitions of 35 U.S.C. § 102 for applications filed more than one year were based on the same policy consideration of "allowing an inventor to remove existing knowledge from public use."  *Pfaff* at 64.  The critical issue in applying the "on sale" test is whether *The Counselor* December, 2002 advertisement demonstrates by clear and convincing evidence that "the invention" was

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

either "on sale" or ready for patenting so as to remove existing knowledge from the public. *The Counselor* advertisement does not prove sale. *The Counselor* advertisement also does not prove the invention was ready for patenting. An invention must be ready for patenting before implicating the 35 U.S.C. § 102(b) statutory bar. An "invention" that has not been sold or is not ready for patenting cannot remove existing knowledge from the public.

**A genuine issue of fact exists as to whether the toothpick and mint dispenser was ready for patenting in December, 2002**.

**First**, the sale of the first tooth pick and mint dispenser by Amity did not occur until after January 2003.[2]

**Second**, Robert Oroumieh's earliest effective patent application filing date was March 17, 2003, which is evidence "the invention" was not ready for patenting at the time *The Counselor* December, 2002 advertisement was published.

**Third**, *The Counselor* December, 2002 advertisement was not placed by the true inventor, but by Robert Oroumieh who stole the invention from the true inventor Harris Cohen, which is further evidence *The Counselor* December, 2002 advertisement was placed before the invention was ready for patenting.

**Fourth**, *The Counselor* December, 2002 advertisement itself fails to disclose sufficient necessary details required to demonstrate the invention was ready for patenting.

These issues must be considered together with the policy of granting only one patent to the first true inventor which leads to the conclusion "the invention" was not ready for patenting since the basic tenet of U.S. patent law is that the original inventor should have exclusive right to his invention unless he places it on public use or uses it more than

---

[2] See Exhibit "H" which is a sealed document. Page stamped A002158 shows Amity's schedule of sales.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

one year before filing.  *See Invitrogen Corporation v. Biocrest Manufacturing L.P*., 424 F.3d 1374, 1380-81 (Fed. Cir. 2005).

B. ***The Counselor* December 2002 Advertisement Does Not Provide Clear and Convincing Proof the Toothpick and Mint Dispenser Was "On Sale" 35 U.S.C. § 102(b).**

The on sale bar under 35 U.S.C. § 102 requires clear and convincing proof that an embodiment of the invention exists in its ordinary and contemplated usable form. *Barmag Barmer Maschinenfabrik A.G.  v. Murata Machinery Ltd.,* 731 F.2d 831, 838 (Fed Cir. 1984). *The Counselor* 2002 advertisement fails to provide "clear and convincing proof" that the dispenser depicted that the toothpick and mint dispenser was available before January 15, 2003 in its ordinary and contemplated usable form.  As such *The Counselor* advertisement may constitute only an "offer to sell".  An "offer to sell" does not raise a statutory bar under 35 U.S.C. § 102(b) unless there is also clear and convincing evidence that the item was actually or constructively reduced to practice, or in other words was ready for patenting.

The activities that give rise to the statutory bar must be of such a character that it is clear the invention was actually "on sale".  Substantial property rights are at issue and it must be determined with precision when the bar came into existence since the bar must be proven by clear and convincing evidence

A trier of fact having all of the evidence before it could well conclude *The Counselor* December, 2002 advertisement represented a non functional mock up of a toothpick and mint dispenser placed in a magazine for the purpose of depriving the true inventor of the rights to his invention.

18

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

C.  ***The Counselor* December, 2002 Advertisement Does Not Show the Toothpick and Mint Dispenser of the '349 Patent.**

It is axiomatic that to provide clear and convincing evidence of the "on sale" statutory bar (35 U.S.C. § 102(b)) requires the patented device of the '349 Patent be "on sale."

*The Counselor* December, 2002 advertisement does not show the toothpick and mint device of the '349 Patent.  A close look at *The Counselor* December , 2002 advertisement shows a rectangular shaped box with a slight bump on the top side near a toothpick and another slight bump on a different lower left side of the box.  See Exhibit "A".  *The Counselor* December, 2002 advertisement when compared with the Oroumieh '350 Patent demonstrates one bump could be a door 34 (Fig 3 of the '350 Patent) and the other bump could be the door 32 (Fig 3 of the '350 Patent).  See Exhibit "B" which is the '350 Patent.

*The Counselor* December, 2002 advertisement does not show the toothpick and mint dispenser of the '349 Patent was "on sale".  The toothpick and mint dispenser of the '349 Patent is different in having locking levers 138 and 140 on only one side or the same side of the dispenser (Fig. 4 of the '349 Patent).  *The Counselor* December, 2002 advertisement (which is Exhibit "A") fails to show  the internal ramps, dividers, pins 180 and sockets 126 and internal features of the '349 Patent that are required to provide doors on the same side of the dispenser.  See Exhibit "C" which is Cohen's '349 Patent.

*The Counselor* December, 2002 advertisement instead only depicts the external feature of the toothpick and mint dispenser of the '350 Patent and not the toothpick and mint dispenser of the '349 Patent.  Moreover, *The Counselor* December, 2002

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

advertisement fails to show if the dispenser is a one piece or multiple piece dispenser or whether it is composed of two halves.  *The Counselor* December, 2002 advertisement does not as a factual matter prove by clear and convincing evidence that the toothpick and mint dispenser of the '349 Patent was "on sale" or being ready to be patented more than one year prior to January 15, 2003.

A reasonable trier of fact could conclude the dispenser in *The Counselor* December, 2002 advertisement was not the toothpick and mint dispenser of the '349 Patent, and therefore the subject matter of the '349 Patent was not "on sale."

## IV.  AMITY CONFUSES "PUBLIC USE" BAR AND "PUBLICATION" BAR UNDER 35 U.S.C.§ 102(b)

### A.  "Public Use" Bar under 35 U.S.C. § 102(b)

Amity's motion for partial summary judgment is confused and inconsistent.  In the "statement of undisputed material facts" Amity's motion in paragraph A states the toothpick and mint dispenser was "on sale" then rambles on with issues of "duty of candor", "false and material statements", "bad faith" all of which statements demonstrate the importance of a jury trial.

One of the ramblings of Amity's motion is that of, "public use" more than one year prior to the effective January 15, 2004 filing date of the '349 Patent based on the Counselor 2004 advertisement.

Public use under 35 U.S.C. § 102(b) as a statutory bar is different than the "on sale" bar in 35 U.S.C. § 102(b).  An invention may be invalid because it has been in "public use" more than one year even if a "sale" has never taken place.

An advertisement by itself is insufficient to prove public use.  Public use requires

20

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

public knowledge be publicly accessible.  *The Counselor* December, 2002 advertisement does not indicate Robert Oroumieh intended to make the inner workings of the ramp and outlets accessible to the public.  A company can advertise a new product without making technical knowledge about the structure and function of the product available to the public.  Without such details of the invention, the knowledge is not accessible to the public, and therefore such information cannot remove existing knowledge from the public.  *The Counselor* December, 2002 advertisement fails to prove clear and convincing public use of the subject matter of the '349 Patent more than one year prior to January 15, 2003.

B. **"Publication Bar" under 35 U.S.C. § 102(b)**

Amity's motion also appears to confuse the "described in a printed publication" statutory bar under 35 U.S.C. § 102(b) issue with the "on sale" statutory bar issue by indiscriminately referring to both as if they were the same.  This makes Amity's statement of undisputed material facts which specifies only the "on sale" prohibition inconsistent with the conclusion which states their motion should be granted "because the invention was publicly offered for sale <u>and described in a publication more than one year before the application date of the '349 Patent</u>" (Emphasis Added) Amity's Brief P. 12-13. The "described in a printed publication" under 35 U.S.C. § 102(b) is very different from the "on sale" prohibition of 35 U.S.C. § 102(b).  An invention described in a "printed publication" more than one year prior to the filing date of a patent application can invalidate a patent even if the invention was never "on sale."

In order for a "printed publication" to constitute a statutory bar under 35 U.S.C. § 102(b), it must be an "enabling publication."  An "enabling publication" is one that illustrates or describes the invention in such full and complete detail as to enable one

21

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

skilled in the art to make and use the invention.  For *The Counselor* December 2002 advertisement to be an enabling publication, it must have placed the public in possession of the invention by detailing how the invention works.  See *In re Donohoe*, 766 F.2d 531, 533 (Fed. Cir. 1985).  *The Counselor* December 2002 advertisement fails to provide an enabling disclosure of invention.  The ramps, dividers and their relationship to mechanical pins and sockets necessary to construct a two component dispenser is not shown or described in the advertisement.  Indeed *The Counselor* advertisement does not even illustrate whether the alleged toothpick and mint dispenser is made of one component or two components.  *The Counselor* December 2002 advertisement does not provide an enabling disclosure of the toothpick and mint dispenser and therefore is not a "printed publication" or a statutory bar within the meaning of 35 U.S.C. § 102(b).

A reasonable trier of fact could easily find *The Counselor* December 2002 Advertisement not to be an enabling disclosure of the invention.  The result of such a finding is that *The Counselor* December 2002 advertisement could not possibly be a statutory bar under 35 U.S.C. § 102(b) as a "printed publication."

## V.   THE ISSUE OF INVENTORSHIP AND THE INTERTWINED ISSUE OF VALIDITY OF THE "349 AND '350 PATENTS ARE TOO IMPORTANT TO BE DECIDED IN A PARTIAL MOTION FOR SUMMARY JUDGMENT.

As previously discussed Amity's complaint for declaratory relief does not present an Article III case or controversy.  Instead the complaint for declaratory relief seeks an advisory opinion based on a number of hypothetical facts.  These hypothetical facts all pertain to conjectural and potential future circumstances that did not exist at the time either of the Amity complaints were filed.  Moreover the parties necessary for standing namely

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

Mary Lewis and Robert Oroumieh were not parties at the time either complaint was filed.

The absence of Mary Lewis and Robert Oroumieh as parties at the time the complaints were filed prevented the true inventor Harris Cohen for asserting his rights under 35 U.S.C. § 291.  The grant of the '350 Patent coupled with the later grant of the '349 Patent after being apprised and fully considering the 37 C.F.R. 1.31 Declaration of Harris Cohen demonstrates the USPTO understood the '349 and '350 Patents would be interfering patents within the meaning of 35 U.S.C. § 291.  See Exhibit "G".

The rationale for the USPTO to grant interfering patents would be to provide a basis for a court to resolve the issue of the interfering '349 and '350 Patents together in an appropriate action.  The presently pending action is not an appropriate action to present a 35 U.S.C. § 291 claim since the legal owners of the '350 Patent are not parties.  Amity did not have standing and remains without standing to bring or maintain an action for patent infringement based on a patent invalidated on its face.  More importantly Amity cannot amend or supplement its complaint to obtain standing.  <u>Amendment of a complaint cannot create standing or jurisdiction where none existed at the time of filing</u>.  *Prasco LLC v. Medicis Pharmaceutical Corporation,* 2008 U.S. App. Lexis 17329 p.6 (CAFC 2008).  The intertwined issues of inventorship and validity of the '349 and '350 Patents is too important an issue to be resolved in this case on a partial motion for summary judgment  The validity of both the '349 Patent and the '350 Patent must be considered together due to the determination made by the USPTO that Harris Cohen was the first to invent the dual toothpick and mint dispenser by granting the '349 Patent and the fundamental purpose of 35 U.S.C. § 102(a), (b), (e), (f) and (g) to grant only one valid patent to the first person to invent the subject matter.  *In re Hallman,* 655 F.2d, 212, 216 (CCPA 1981) (stating that

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

only one valid patent can issue for the same invention).

Amity's motion for partial summary judgment is not supported by the facts. Amity's motion for partial summary judgment represents a legal stratagem to procedurally fence off the '350 Patent from the '349 Patent to (1) resurrect the presumption of validity of the '350 Patent for the jury and (2) to change the burden of proof of invalidity of the '350 Patent from a "preponderance of evidence" to "clear and convincing" standard. See *Environ Products, Inc. v. Furon Company*, 215 F.3d 1261, 1265 (Fed. Cir. 2000). The issues of validity, inventorship and presumption of validity under 35 U.S.C. § 282 are too important to be separated. Particularly in this case where the USPTO after considering the evidence supplied by the inventor Harris Cohen granted an interfering patent. The USPTO grant of the '349 Patent was done with the knowledge that the presumption of validity of the '350 Patent provided by 35 U.S.C. § 282 had been eroded by the grant of the interfering patent. *Kimberly-Clark Corp. v. Proctor & Gamble Dist. Co.*, 973 F.2d 911, 914 (Fed. Cir. 1992).

## CONCLUSION

Amity's motion for partial summary judgment should be denied. Amity has failed to plead an Article III case or controversy. Amity did not have standing at the time the case was filed or join the parties having standing at the time the case was filed. Finally Amity has failed to demonstrate by clear and convincing evidence that *The Counselor* December, 2002 advertisement placed the toothpick and mint dispenser "on sale," "in public use" or is "a printed publication" within the meaning of 35 U.S.C. § 102(b) more than one year prior to the filing of the '349 Patent.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

Respectfully submitted

/s/ Gary Brenner

Dated:  September 15, 2008
_____

Gary Brenner, Attorney
E-Mail: garybrenner@cts.com

Attorney for Defendants
MarketQuest Group, All-in-One,
Allinoneline.com,
Harris Cohen, Karen Cohen and
Counter-claimant MarketQuest
Group, Inc.

Dated:  September 15, 2008                    /s/ Douglas Frymer

_____

Douglas Frymer, Attorney
E-Mail: legal@starshieldarmor.com

Attorney for Defendants
Jacqueline Morovati, Frank Jimenez

25

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)

1

## **PROOF OF SERVICE BY E-MAIL**

2      I, the undersigned, declare that I am over the age of eighteen years and not a party

3 to this action.  I am employed in the County of San Diego where this service occurred.  My

4 business address is 110 West "C" Street, Suite 1905, San Diego, California 92101.  I

5 hereby certify that on **September 15, 2008**, I electronically transmitted the attached

6 document(s) to the Clerk's Office pursuant to Electronic Case Filing Administrative

7 Policies and Procedures using the CM/ECF System for filing and transmittal of a Notice of

8 Electronic Filing to the following CM/ECF registrants who have consented to electronic

9 service through the Court's transmission facilities:

10     Attorney for Plaintiff Amity Rubberized Pen Company:
Frederic Douglas, Esq.

11 E-mail: fdouglas@cox.net

12

13

14     Attorney for Defendants Universal Plastics, Jacqueline Morovati, Frank Jimenez
Douglas Frymer, Esq.

15 E-mail: legal@starshieldarmor.com

16     I declare under penalty of perjury under the laws of the United States that the

17 foregoing is true and correct.  Executed on **September 15**, **2008** at San Diego, CA.

18

19                        s/Gary Brenner

20                        _____
Gary Brenner

21

22

23

24

25

26

27

28

26

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INAVLIDITY OF
U.S. PATENT NUMBER 7,066,349

CASE NO.: CV06-06165 – GW (CWx)
CASE NO.: CV07-08314 – GW (CWx)